IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

:
TILMAN DUNBAR, JR., et al.
:
   v.                                :    Civil Action No. DKC 20-0738
:
MONTGOMERY COUNTY, MARYLAND,
et al.                                :

**MEMORANDUM OPINION**

Presently pending in this civil rights action are motions to dismiss filed by (1) Kaiser Permanente Insurance Company ("KPIC")(ECF No. 4), and (2) Corporal Ryan Biedlingmaier, Montgomery County Police Department ("MCPD"), and Montgomery County, Maryland ("the County"),[1] collectively ("the County Defendants") (ECF No. 22). Also pending is Plaintiffs' motion for leave to amend the complaint. (ECF No. 23). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Plaintiffs' motion for leave to amend will be granted, and Defendants' motions to dismiss will be denied as moot. Defendants may file renewed motions to dismiss or responsive pleadings.

---

[1] While the County is named as a defendant in the caption of the original and the amended complaints, neither complaint alleges any facts against the County within the body.

**I.   Background**

Plaintiff, Tilman Dunbar Jr., is an attorney who resides in Virginia with his wife, Bindu M. Dunbar. Kaiser Permanente has been Mr. and Mrs. Dunbar's health insurance provider for the last 25 years. Mr. Dunbar shares a nearly identical name with his nephew, Tilman Dunbar, who did work for Kaiser Permanente as an independent contractor. Mr. Dunbar's nephew, along with two other Kaiser workers, are alleged to have stolen computers from Kaiser Permanente's technology warehouse in Silver Spring, Maryland on multiple occasions. The multiple incidences of thefts were captured on Kaiser's security cameras. A Kaiser supervisor reviewed the security footage and observed Mr. Dunbar's nephew loading the stolen computers into a moving truck. Kaiser then contacted MCPD to investigate/prosecute the thefts and mistakenly provided them with Plaintiff Dunbar's HIPAA information instead of his nephew's information. Corporal Biedlingmaier used the HIPAA information to procure a search warrant, which resulted in the arrest of Mr. and Mrs. Dunbar arrest outside their family home on the morning of January 25, 2017.

On January 24, 2020, Plaintiffs filed suit against KPIC, Corporal Biedlingmaier, MCPD, and the County in the Circuit Court for Montgomery County, Maryland. (ECF No. 3). County Defendants, with the consent of KPIC, then removed the suit to the United States District Court for the District of Maryland on March 19,

2020. (ECF No. 1). That same day, KPIC filed a motion to dismiss the complaint, or in the alternative, for summary judgment. (ECF No. 4). County Defendants also moved to dismiss on June 6, 2020. (ECF No. 22). On June 22, 2020, Plaintiffs simultaneously opposed the County Defendants' motion to dismiss (ECF No. 24), and filed a motion for leave to file a first amended complaint. (ECF No. 23). KPIC opposed Plaintiffs' motion for leave to amend and moved to strike the amended complaint. (ECF No. 26). County Defendants also opposed the motion for leave to amend. (ECF No. 27). The proposed amended complaint (ECF No. 23-2) adds two additional defendants, Kaiser Foundation Health Plan, Inc. ("KFHP") and Kaiser Foundation Health Plan of The Mid-Atlantic States, Inc. ("KFHPMAS"), and makes changes to the factual allegations.

**II. Motion for Leave to Amend**

Fed.R.Civ.P. 15(a)(2) provides that: "The court should freely give leave when justice so requires."

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Forman v. Davis*, 371 U.S. 178, 182 (1962). "Where a proposed amendment is made beyond the statute of limitations and it would not relate back to the original complaint, such an amendment would

3

be futile." *Hesed-El v. Doe*, No. 1:19 CV 285 MR WCM, 2020 WL 5996428, at *3 (W.D.N.C. Oct. 9, 2020).

**III. Discussion**

Here, Plaintiffs' motion for leave to amend was filed on June 22, 2020. The investigation leading to Plaintiffs' arrests and the arrests themselves occurred in January 2017. Thus, the statute of limitations has run regardless of whether it is Virginia's two year or Maryland's three-year statute of limitations that is ultimately applied.[2] Thus, the court must satisfy itself that the proposed amendment to add new parties "relates back" to the original complaint under Fed.R.Civ.P. 15(c)(1)(C) in order to find that such amendment would not be futile and may properly be granted.

    **A.   Relation Back under Fed.R.Civ.P. 15(c)(1)(C)**

When a plaintiff files an amended complaint and, as here, the amendment seeks to add a new party under Rule 15(c), three elements must be satisfied:

> First, the claim must involve the same transaction or occurrence. Second, the new party must have notice of the action within the period provided by Rule 4(m) for service of the summons and complaint such that the

---

[2] The parties dispute the applicable statute of limitations, because, while Plaintiffs' arrests occurred in Virginia, the underlying investigation and criminal charges filed against Mr. Dunbar occurred in Maryland. Plaintiffs argue that Maryland's statute of limitations should apply (ECF No. 24-1, at 5), while County Defendants argue Virginia's statute of limitations should apply. (ECF No. 27, at 1-3).

4

>     party will not be prejudiced in maintaining a
>     defense on the merits.  Third, the new party
>     must have known or should have known that, but
>     for a mistake in identity, the action would
>     have been brought against him.

*Benn v. Seventh-Day Adventist Church*, 304 F.Supp.2d 716, 724 (D.Md 2004); *see also Goodman v. Praxair, Inc.*, 494 F.3d 458, 467 (4th Cir. 2007); Fed.R.Civ.P. 15(c)(1)(C).  It is undisputed that the first element of the relation-back test is satisfied here. The claims asserted in the amended complaint clearly involve the same transactions that formed the basis of the claims in Plaintiffs' original complaint: the provision of Mr. Dunbar's personally identifying HIPAA information to MCPD and Plaintiffs' subsequent arrest/detention.  Thus, the key questions are whether the second and third elements of the relation-back test, as set out in Rule 15(c)(1)(C)(i) and Rule 15(c)(1)(C)(ii), are met.

   1.   **Fed.R.Civ.P. 15(c)(1)(C)(i)**

"Rule 15(c)(1)(C)(i) simply requires that the prospective defendant has received sufficient 'notice of the action' within the Rule 4(m) period that he will not be prejudiced in defending the case on the merits." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 554 (2010).  "Notice for the purposes of [Rule 4(m)] can be either actual or constructive." *Girau v. Europower, Inc.*, 317 F.R.D. 414, 421 (S.D.N.Y. 2016) (citing *Hahn v. Office & Prof'l Emps. Int'l Union, AFL-CIO*, 107 F.Supp.3d 379, 384 (S.D.N.Y. 2015).

In arguing that the notice requirement is met, Plaintiffs rely on the "identity of interest principle." This principle "provides that added parties are deemed to have received constructive notice where the original and added parties are 'so closely related in business or other activities that it is fair to presume the added parties learned of the institution of the action shortly after it was commenced.'" *Benn*, 304 F.Supp.2d, 725 (quoting *Hernandez Jimenez v. Calero Toledo*, 604 F.2d 99, 102-03 (1st Cir. 1979)).

> When a plaintiff initially names the wrong corporate entity and then amends to name the correct entity after the Rule 4(m) notice period has run, the Court must determine whether there is an identity of interests for the amendment to relate back. *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 471 (4th Cir. 2007). There is an identity of interests among "a group of closely related and functioning business entities or corporations," such that "when a plaintiff alleges a comprehensible claim against one of [them], the other entities in that group, barring a contrary showing, will be charged with knowledge under Rule 15[] of the entity properly answerable to the claim." *Wilkins v. Montgomery*, 751 F.3d 214, 225 (4th Cir. 2014) (quoting *Goodman*, 494 F.3d at 475). In *Wilkins*, the Fourth Circuit noted it found an identity of interests in *Goodman*, where "the business entities in question were a parent and subsidiary corporation, which were represented by the same lawyers."

*Czach v. Intercont'l Hotels Grp. Res., LLC*, No. DLB-20-125, 2020 WL 6150961, at *9 (D.Md. Oct. 20, 2020).

6

> Although the relationship needed to satisfy the identity-of-interest test varies somewhat depending on the underlying facts, some general observations may be made. An identity of interest has been found between a parent and a wholly owned subsidiary, as well as between related corporations whose officers, directors, or shareholders are substantially identical and who may have similar names or conduct their business from the same offices. Identity of interest also has been found between past and present forms of the same enterprise.

6A Wright & Miller, Fed. Prac. & Proc. Civ. § 1499 (3d ed.). "[W]hen relation back is required to satisfy the statute of limitations, the burden is on the plaintiff to prove that Rule 15(c) is satisfied." *McCray v. Hous. Auth. of Balt. City*, No. RDB-18-2271, 2019 WL 4120750, at *7 (D.Md. Aug. 29, 2019) (quoting *Covey v. Assessor of Ohio Cty.*, 666 F.App'x 245, 248 (4th Cir. 2016)).

Plaintiffs argue that KPIC shares an identity of interest with the entities to be added, KFHP and KFHPMAS, for several reasons. First, KFHP is the parent company of both KPIC and KFHPMAS. Plaintiffs attach an organizational chart dated December 31, 2019 which lists both KPIC and KFHPMAS as "subsidiaries and affiliated corporations" of parent KFHP. (ECF No. 23-6, at 3). Plaintiffs analogize to *Goodman* where the Fourth Circuit held that an added corporate defendant had constructive notice of a lawsuit when it was an affiliate of the originally named defendant and both entities were represented by the same lawyers. *See id.*, at

7

458. Here, there is no indication, at least at this time, that KPIC and KFHP/KFHPMAS are represented by the same counsel. Plaintiffs point out, however, that KPIC and KFHP/KFHPMAS share the same agent for service of process: CSC-Lawyers Incorporating Service. (ECF No. 23-1, at 6). Thus, Plaintiffs contend that KFHP and KFHPMAS received actual and constructive notice of this suit.

Second, Plaintiffs argue that the entities share an identity of interest because KPIC and KFHP "employed dual employees who performed almost identical functions for Kaiser." (*Id.*, at 5). Plaintiffs attach 2019 Annual Statements filed by KPIC and KFHPMAS with the Maryland Insurance Administration (ECF No. 23-6, at 1-2), showing that while the entities operate out of two different physical locations, they nonetheless share at least five corporate officers in common.[3]

Third, Plaintiffs argue that "Kaiser holds itself out to the public . . . as one corporate entity" and that the entities interests are "so intertwined that all three corporate entities

---

[3] Kimberly K. Horn serves as Regional President of KFHPMAS and Director of KPIC. Arthur Milton Southam serves as Executive Vice President of Health Plan Operations for KFHPMAS and Senior Vice President of KPIC. Hone-Sze Andrew Yu serves as Assistant Secretary of both KFHPMAS and KPIC. Likewise, Thomas Ralph Meier serves as Senior Vice President and Treasurer of both KFHPMAS and KPIC, and Mark Steven Zemmelman serves as Senior Vice President, General Counsel, and Secretary to KFHMPAS and as Senior Vice President and Secretary to KPIC. (*See generally* ECF No. 23-6, at 1-2).

8

are generally known and marketed simply as Kaiser or Kaiser Permanente." They emphasize that "Kaiser Permanente" and the Kaiser Permanente logo are "used indiscriminately in almost every jurisdiction where the services of KFHP and its subsidiaries, including . . . KPIC . . . operate." Further, Plaintiffs state that when Defendant Biedlingmaier interviewed Kaiser's agent about the alleged thefts, that agent "made no legal distinction about its legal identity and status." (ECF No. 23-1, at 2,5,7).

Given that the entities are structured as parent and subsidiary corporations, share multiple corporate officers in common, share a resident agent for service of process, and do not distinguish among themselves in their public discourse, the entities appear to be "closely related and functioning business entities." (*See Goodman*, 494 F.3d at 475). Taken together, this collective information shows that an identity of interests exists between KPIC, KFHP, and KFHPMAS. Thus, KPIC's notice of the lawsuit within the Rule 4(m) period can be imputed to KFHP and KFHPMAS in satisfaction of Rule 15(c)(1)(C)(i).

### 2.  Fed.R.Civ.P. 15(c)(1)(C)(ii)

To comply with Rule 15(c)(1)(C)(ii), Plaintiffs must show that KFHP and KFHPMAS knew or should have known that the action would have been brought against them but for a mistake by the Plaintiffs concerning the "proper party's identity." The Supreme Court explained in *Costa Crociere S.p.A.*, 560 U.S. at 548, that

9

the requirements of this subsection hinge not on the plaintiff's knowledge, but on whether the prospective *defendant* "knew or should have known that it would have been named as a defendant but for an error" by the plaintiff. If the prospective defendant "understood, or . . . should have understood, that [it] escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about [its] identity," then Rule 15(c)(1)(C)(ii) is satisfied. (*Id.*, at 550). But if "the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity, the requirements of Rule 15(c)(1)(C)(ii) are not met." (*Id.*, at 552).

Here, it would be unreasonable to conclude that Plaintiffs' naming of KPIC instead of KFHP and KFHPMAS in the original complaint was the result of a fully informed decision rather than a mere mistake. KPIC all but admits as much in its brief. (ECF No. 26, at 4) ("Why the Plaintiffs chose to sue an insurance company, KPIC, with whom they had no prior relationship or interaction with at any time[,] is baffling."). KPIC argues that Plaintiffs' choice must have been deliberate because KFPHMAS's identity "has always been known and available to the Plaintiffs." For this, KPIC points to medical records submitted by Plaintiffs that include reference to KFHPMAS. Such records themselves,

10

however, reflect that KFHPMAS does not consistently or clearly identify itself by this name. Rather, where the record does reference KFHPMAS,[4] the same document also contains reference to "Kaiser Permanente Springfield." (ECF No. 17-2, at 1,2). Other documents submitted do not name KFHPMAS specifically, at all, but refer only to a general "Kaiser Permanente." (*Id.*, at 1-5). It is clear that Plaintiffs had difficulty navigating Kaiser's corporate structure and misunderstood the relationship between KPIC, KFHP, and KFHPMAS. Though not artful, such a mistake is not wholly unreasonable. Thus, this is not an instance in which "there [wa]s no reason for [the prospective defendants] to believe that plaintiff[s] did anything other than make a deliberate choice between potential defendants." *Benn v. Seventh-Day Adventist Church*, 304 F.Supp.2d, 716, 726 (2004). Accordingly, the requirements of Rule 15(c)(1)(C)(ii) are met.

Finally, it must be determined whether granting leave to amend would unduly prejudice KPIC, the party opposing the addition of KFPH and KFHPMAS. *See* Fed.R.Civ.P. 15(a)(2). Given that KPIC's entire argument for dismissal is that it is the wrong party, it cannot credibly argue that granting leave to amend to add the proper parties would result in undue prejudice to it. Moreover, there is no showing of bad faith or dilatory motive by Plaintiffs.

---

[4] The reference itself is in a somewhat obscure location in the corner of the document's letterhead.

Accordingly, Plaintiffs' motion for leave to amend will be granted in its entirety.

The filing of the amended complaint, which supersedes the original, moots the pending motions to dismiss. While some of Defendants' arguments for dismissal may again be germane to the amended complaint, others will likely change, or disappear.

**IV. Motion to Strike**

KPIC moves to strike the portion of Plaintiffs' amended complaint adding a new cause of action against it for negligence. (ECF No. 26). Pursuant to Rule 12(f), a "court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). KPIC states that the amended claim is not factually supported and that "the only purpose for [such] proposed amendments would be to add immaterial, impertinent, scandalous, and prejudicial allegations against Kaiser." KPIC's arguments that the new allegations are unsupported are best resolved at the motion to dismiss stage. Accordingly, KPIC's motion to strike is denied.

**V. Conclusion**

For the foregoing reasons, Plaintiffs' motion for leave to amend (ECF No. 23) is GRANTED without prejudice to Defendants' ability to assert arguments raised in opposition to that motion in renewed motions to dismiss, Defendants' motions to dismiss (ECF Nos. 4 & 22), are denied as moot, Defendant KPIC's motion to strike

Plaintiffs' amended complaint (ECF No. 26) is denied, and the Clerk will be directed to file the Proposed Amended Complaint.  (ECF No. 23-2).  A separate order will follow.

                                    /s/
                              DEBORAH K. CHASANOW
                              United States District Judge