IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TILMAN DUNBAR, JR., et al., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | **Case No. 8:20-cv-00738-DKC** |
| : | **Judge Deborah K. Chasanow** |
| MONTGOMERY COUNTY MARYLAND,: | |
| et al., : | |
| : | |
| Defendants. : | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF KAISER DEFENDANTS' MOTION TO DISMISS
COUNTS 5 AND 6 OF PLAINTIFFS' SECOND AMENDED COMPLAINT
FOR FAILURE TO STATE A CLAIM**

**I.    BACKGROUND**

The Plaintiffs, Tilman Dunbar, Jr. and Bindu Dunbar, were allegedly arrested by the Montgomery County Police Department and Corporal Ryan Biedlingmaier in Woodbridge, Virginia, on January 25, 2017. *See generally*, Plaintiffs' Second Amended Compl., ECF No. 45. The arrest followed a police department investigation of computer thefts allegedly committed by the Plaintiff's nephew, Tilman J. Dunbar. ECF No. 45 at 2. The Plaintiffs allege that the Defendants, Montgomery County Police Department and Corporal Ryan Biedlingmaier, completed the investigation and sought for and executed a Virginia search warrant in Prince William County. ECF No. 45 at 1-2.

With respect to these Defendants, the Plaintiffs' Second Amendment Complaint alleges that "Kaiser Permanente was privy to Plaintiffs' health care information and HIPAA protected personal and private information." ECF No. 45 at p. 5. The Plaintiffs' Second Amended Complaint further alleges that "Kaiser used it's HIPAA protected database and information, and disclosed and provided said private, protected information to Corporal Biedlingmaier and the Montgomery

County Police Department, which used the information to violate Plaintiffs' privacy and civil rights." ECF No. 45 at p. 6.

Count 5 of the Plaintiffs' Second Amended Complaint specifically alleges, as follows:

Count 5: HIPAA/Negligence

(16).   Paragraphs 1-15 are hereby incorporated as if originally stated herein.

(17).   Defendant Kaiser and its affiliates had in its possession private, confidential and protected personal information of the Plaintiffs which was protected by Federal and State Law and HIPAA. The Plaintiffs' address and personal information was provided to the Montgomery County Police by Defendant Kaiser.

(18).   That Defendant, Kaiser and John Doe, did intentionally, negligently and/or recklessly without consent of the Plaintiff Attorney Tilman Dunbar, Jr. disclosed information to third parties in violation of HIPAA and Maryland Privacy Laws.

(19).   That Plaintiff was harmed/injured by Defendant, Kaiser's and John Doe's unconsented to and unauthorized disclosure of personal and private

(20).   That, as a direct and proximate result of Defendants' intentional and reckless/negligence and unauthorized disclosure of State/Federal protected personal information involving Plaintiff. Defendant Kaiser's actions led to Plaintiffs being falsely arrested, detained, and imprisoned. Plaintiffs' damages include, but are not limited to: humiliation, embarrassment, annoyance, inconvenience, loss of public standing and reputation, violation of their civil rights and attorney fees.

ECF No. 45 at 16-20.

Next, Count 6 of the Plaintiffs' Second Amended Complaint also alleges the following:

Count 6: Negligence

(21).   Paragraphs 1 - 20 are hereby incorporated as if originally stated herein.

(22).   That Corporal Biedlingmaier and the Montgomery County Police Department and Kaiser owed a duty of care to Plaintiffs.

(23).   That Corporal Biedlingmaier and the Montgomery County Police Department and Kaiser breached that duty of care owed to Plaintiffs by acting negligently, recklessly and carelessly in the handling of this matter.

(24).   That Corporal Biedlingmaier and the Montgomery County Police Department and Kaiser directly and proximately caused harm to Plaintiffs by:

(1)   Seeking a fraudulent and meritless search warrant against Plaintiff Attorney Tilman Dunbar, Jr.

(2)   Defendants executing and arresting Plaintiffs falsely for a theft scheme Defendants knew or should have known Plaintiffs did not commit.

(3)   Falsely arresting the Plaintiffs.

(4)   Falsely imprisoning the Plaintiffs.

(5)   Illegally and unconstitutionally violating Plaintiffs' constitutional rights in violation of Federal Statute 1983.

(6)   That Plaintiffs were damaged by Defendants' negligence including, but not limited to humiliation, embarrassment, annoyance, inconvenience, loss of public standing and reputation, violation of their civil rights.

ECF No. 45 at 21-24.

As outlined below, this Court should dismiss Counts 5 and 6 of the Plaintiffs' Second Amended Complaint against these Defendants for failure to state a claim.[1] There is no private right of action available to the Plaintiffs for an alleged violation of HIPAA. The Plaintiffs have further

---

[1] To the extent this matter proceeds, discovery will further demonstrate that neither Kaiser nor its employees accessed any protected HIPAA database or any confidential health information for the Plaintiffs. Neither Kaiser nor its employees were aware of the Plaintiffs as Kaiser Members during the police department's investigation, and neither Kaiser nor its employees disclosed any confidential protected health information of the Plaintiffs to the police department.

failed to plead any sufficient facts to state a claim for which relief may be granted against these Defendants. There are no facts alleged, nor could there be, that anyone from Kaiser was in any way involved in seeking or executing a police search warrant, or detaining, arresting or imprisoning the Plaintiffs. As alleged, all such actions were exclusively performed and carried out by or at the direction of the Defendants, Montgomery County Police Department and Corporal Ryan Biedlingmaier. As the Plaintiffs have set forth no set of facts that relate to or otherwise involve the Defendant, Kaiser or its employees, the Defendants are entitled to a dismissal of the Plaintiffs' claims.

## II.     STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead plausible, not merely conceivable, facts in support of his claim. *See e.g.,* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint must further contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), *quoting* Twombly, 550 U.S. at 570. A complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. In conducting its analysis, the Court "need not accept legal conclusions couched as facts or 'unwarranted inferences, unreasonable conclusions, or arguments.'" Wag More Dogs, LLC v. Cozart, 680 F.3d 359, 365 (4th Cir. 2012), *quoting* Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008)). "[A]n unadorned, the-defendant-unlawfully-harmed-me accusation" does not state a plausible claim of relief. Iqbal, 556 U.S. at 678.

Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." Bosiger v. U.S. Airways, 510 F.3d 442, 450 (4th Cir. 2007). However, under Rule 12(b)(6), a court, in its discretion, may consider matters outside

of the pleadings, pursuant to Rule 12(d). Under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. Goldfarb v. Mayor & City Council of Balt., 791 F.3d 500, 508 (4th Cir. 2015). In particular, a court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits." Goines v. Valley Comm. Serv. Bd., 822 F.3d 159, 166 (2016); *see also* Six v. Generations Fed. Credit Union, 891 F.3d 508, 512 (4th Cir. 2018); Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014); Phillips v. LCI Int'l Inc., 190 F.3d 609, 618 (4th Cir. 1999).

### III.   ARGUMENT

#### A.   No private right of action exists under HIPAA.

Count 5 of the Plaintiffs' Second Amended Complaint, alleging negligence for a violation of the Plaintiffs' privacy rights pursuant to the Health Information Portability and Accountability Act of 1996, Pub. L. No. 104-191 and 45 C.F.R. Parts 160, 162, and 164, should be dismissed for failure to state a claim.

"It is well established…that no private right of action exists under HIPAA." Atkinson-Bush v. Baltimore Washington Med. Ctr., Inc., 2011 WL 2216669 at 3 (D. Md. May 25, 2011) (J. Benson Everett Legg), *aff'd*, 585 F. App'x 161 (4th Cir. 2014) (*per curiam*); *see also* Dixon v. Corcoran, 2020 WL 707115 at 3 (D. Md. Feb. 12, 2020) (J. Theodore D. Chiang) (noting that "[t]he statute does not provide a private right of action for any citizen"); Tarpley v. Pierce, 2018 WL 4616058 at 10 (D. Md. Sept. 26, 2018) (dismissing a HIPAA claim for allegedly disclosing medical information in the presence of a third party); Myers v. Maryland Dep't of Agric., 2018 WL 3068695 at 5 (D. Md. June 21, 2018) (J. Ellen L. Hollander) (dismissing a HIPAA claim for

allegedly leaving medical records in a common area). "Every district court that has considered this issue is in agreement that the [HIPAA] statute does not support a private right of action." Acara v. Banks, 470 F.3d 569, 571 (5th Cir. 2006) (J. George L. Russell, III) (holding that *"there is no private cause of action under HIPAA and therefore no federal subject matter jurisdiction"* in dismissing a patient's claim against her physician).

In Dixon, an inmate in Maryland sued a correctional officer and a correctional coordinator for alleged negligence and a violation of the Health Information Portability and Accountability Act. 2020 WL 707115 at 1. The inmate specifically alleged a violation of privacy rights as the correctional officer was present during the inmate's medical appointments. Id. at 2. In dismissing the plaintiff's claims, Judge Theodore D. Chuang of the United States District Court held that HIPAA "does not provide a private right of action for any citizen." Id. at 3, *citing* Stewart v. Parkview Hosp., 940 F.3d 1013, 1015 (7th Cir. 2019); Garmon v. Cty. of Los Angeles, 828 F.3d 837, 847 (9th Cir. 2016); Dodd v. Jones, 623 F.3d 563, 569 (8th Cir. 2010); Wilkerson v. Shinseki, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010); Miller v. Nichols, 586 F.3d 53, 59-60 (1st Cir. 2009); Acara v. Banks, 470 F.3d 569, 572 (5th Cir. 2006) (*per curiam*); Tarpley v. Pierce, No. LR-17-3267, 2018 WL 4616058 at 10 (D. Md. Sept. 26, 2018). Judge Chuang then also held that where all of the inmate's federal claims were dismissed, the Court declined to exercise supplemental jurisdiction over any remaining state law claims, and thus all claims were dismissed. Id. at 6.

Equally, if not more important, the Plaintiffs cannot utilize an alleged HIPAA violation to bootstrap a state common law negligence claim. Specifically**, "to the extent that HIPAA universally has been held not to authorize a private right of action, to permit HIPAA regulations to define *per se* the duty and liability for breach is no less than a private action to enforce HIPAA, which is precluded."** *See* Skinner v. Tel-Drug, Inc., 2017 WL 1076376 at 3

(D. Ariz. Jan. 27, 2017), *quoting with approval* Sheldon v. Kettering Health Network, 40 N.E.3d 661, 674 (Ohio Ct. App. 2015). Indeed, there are no viable federal or state law privacy claims available to the Plaintiffs in this case. Maryland law likewise provides immunity from liability for a health care provider's good faith disclosure of a medical record, and further limits enforcement actions to civil penalties, not compensatory damages. *See e.g.,* Maryland Code Ann., Health General § 4-308 and § 4-309.

In the present case, as in Dixon and Atkinson, Count 5 of the Plaintiffs' Second Amended Complaint should be dismissed for failure to state a claim. Count 5 of the Plaintiffs' Second Amended Complaint, on its face, alleges a HIPAA violation of privacy rights, and no such cause of action exists pursuant to well-established federal jurisprudence. Neither federal nor state privacy laws provide the Plaintiffs with a private right of action for civil compensatory damages. In the absence of a private right of action, the Plaintiffs' HIPAA/Negligence" claim must fail as a matter of law, and Count 5 of the Plaintiffs' Second Amended Complaint should be dismissed.

    **B.**    **Plaintiffs' Second Amended Complaint fails to allege a disclosure of Protected Health Information.**

Next, even assuming that the Defendant, Kaiser, or its employees accessed a confidential HIPAA protected database (which it did not), the Plaintiffs' Second Amended Complaints fails to allege that confidential *protected health information* was actually provided by Kaiser to the police department. Rather, the Plaintiffs assert that the Defendant, Kaiser, disclosed the Plaintiff, Tilman Dunbar's "physical appearance, age, weight, height and address" to Corporal Ryan Biedlingmaier and the Montgomery County Police Department. ECF No. 45 at 7. This is not protected health information. To the very contrary, the U.S. Department of Health and Human Services provides the following guidance with respect to the Privacy Rules:

7

**Protected Health Information**

The HIPAA Privacy Rule protects most "individually identifiable health information" held or transmitted by a covered entity or its business associate, in any form or medium, whether electronic, on paper, or oral. The Privacy Rule calls this information protected health information (PHI). Protected health information is information, including demographic information, ***which relates to***:

> ***The individual's past, present, or future physical or mental health or condition***;
>
> ***The provision of health care to the individual***, or
>
> The past, present, or future payment for the provision of health care to the individual, and that identifies the individual or for which there is a reasonable basis to believe can be used to identify the individual. Protected health information includes many common identifiers (e.g., name, address, birth date, Social Security Number) ***when they can be associated with the health information listed above***.
>
> For example, a medical record, laboratory report, or hospital bill would be PHI because each document would contain a patient's name and/or other identifying information associated with the health data content.
>
> By contrast, a health plan report that only noted the average age of health plan members was 45 years would not be PHI because that information, although developed by aggregating information from individual plan member records, does not identify any individual plan members and there is no reasonable basis to believe that it could be used to identify an individual.
>
> ***The relationship with health information is fundamental***. Identifying information alone, such as personal names, residential addresses, or phone numbers, would not necessarily be designated as PHI.  For instance, if such information was reported as part of a publicly accessible data source, such as a phone book, ***then this information would not be PHI because it is not related to heath data*** (see above).  If such information was listed with health condition, health care provision or payment data, such as an indication that the individual was treated at a certain clinic, then this information would be PHI.

8

*See* https://www.hhs.gov/hipaa/for-professionals/privacy/special-topics/de-identification/index.html. (Emphasis added), and attached as Exhibit A.

Here, the Plaintiffs' Second Amended Complaint, on its face, fails to allege any disclosure of the Plaintiffs' protected health information, and the Plaintiffs' Second Amended Complaint again fails to state a claim for which relief may be granted. Per the Plaintiffs' Second Amended Complaint, no medical information nor any protected health information was provided to the Defendants, Corporal Ryan Biedlingmaier or the Montgomery County Police Department. Indeed, the data identified by the Plaintiffs, such as the Plaintiff, Tilman Dunbar's name, home address, date of birth, and physical description, including race, sex, and height was ***publicly available information*** as of January 2017 in at least one, if not multiple publicly accessible data sources. *See e.g.,* Exhibit B, Maryland Judiciary Case Search, Case No. 3J0MDN, Feb. 25, 2015, (http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=03J0MDN&loc=20&detailLoc=DSTRAF)). For this reason, as well, the Plaintiffs' Second Amended Complaint fails to state a claim against these Defendants.[2]

## C. No sufficient facts are pled against the Kaiser Defendants pursuant to Count 6 of the Plaintiffs' Second Amended Complaint.

Count 6 of the Plaintiffs' Second Amended Complaint against these Defendants, alleging negligence for state government actions, should also be dismissed for failure to state a claim.

---

[2] Remarkably, and as noted in prior pleadings, the Plaintiffs themselves have publicly filed copies of their medical records with this Court disclosing personal and confidential medical information. *See e.g.*, Plaintiffs' Opposition to Motion to Dismiss. ECF No. 17-2. The Plaintiffs unilaterally disclosed to the public domain their Kaiser account numbers, medical record numbers, financial information, names of their health care providers, and medical diagnoses. To the extent the Plaintiffs allege a breach of protected health information by any person or party, the Plaintiffs' own public release and disclosure of this data should likewise preclude any claim for damages.

As noted above, in Count 6 of the Plaintiffs' Second Amended Complaint, the Plaintiffs allege that Kaiser "owed a duty of care to Plaintiffs." However, the Plaintiffs fail to identify with any reasonable particularity the alleged duty of care owed, or precisely how Kaiser allegedly "breached that duty" by "acting negligently, recklessly and carelessly in the handling of this matter." ECF No. 45 at 10. To the contrary, the Plaintiffs appear to have erroneously included Kaiser in Count 6 of the Plaintiffs' Second Amended Complaint against the Defendants, Montgomery County Police Department and Corporal Ryan Biedlingmaier.[3]

As also noted above, there is no reasonable dispute that the Defendant, Kaiser, is not and was not a state government actor, and the Defendant, Kaiser, does not and did not seek or execute search warrants, or arrest or imprison the Plaintiffs. The Plaintiffs' Second Amendment Complaint does not allege otherwise, and Count 6 of the Plaintiffs' Second Complaint pleads no sufficient facts against these Defendants to state a claim for relief.

As pled, Count 6 of the Plaintiffs' Second Amended Complaint is merely a reiteration of Counts 2, 3, and 4, alleging false arrest, false imprisonment, and a violation of 42 U.S.C § 1983 against the Defendants, Montgomery County Police Department and Corporal Ryan Biedlingmaier. Count 6 contains no facts, at all, involving the Kaiser Defendants. Indeed, there is no dispute that the Kaiser Defendants had no involvement, whatsoever, in obtaining a police search warrant, executing a police search warrant, or allegedly arresting and detaining the Plaintiffs. There are simply no sufficient facts pled or alleged in Count 6 that the Kaiser Defendants owed a duty to the Plaintiffs, or breached a duty to the Plaintiffs. There are further no sufficient facts pled

---

[3] Plaintiffs' initial Complaint did not include Kaiser in Count 6. ECF No. 1-1 at pp. 10-11. Kaiser was inexplicably added to Count 6 in Plaintiffs' First Amended Complaint ECF Nos. 23-2 and 38, which then carried over to the Second Amended Complaint. ECF No. 45. Neither the First nor Second Amended Complaints added any additional facts to support Kaiser's inclusion in Count 6.

or alleged, nor could there be, that the Kaiser Defendants obtained a police search warrant or executed a police search warrant, as the Kaiser Defendants had no involvement, at all, in those alleged state government actions. On the face of the Plaintiffs' Second Amended Complaint, Count 6 against these Defendants should be dismissed pursuant to Federal Rule (12)(b)(6).

## IV. CONCLUSION

For the above stated reasons, the Defendants respectfully request that this Court enter an Order dismissing Counts 5 and 6 of the Plaintiffs' Second Amended Complaint, and the Defendants further request such additional relief as this Court may deem appropriate.

Respectfully submitted,

**ARMSTRONG, DONOHUE, CEPPOS,
VAUGHAN & RHOADES, CHARTERED**

_____
Jeremy R. Krum, Esquire (Bar No. 16024)
jkrum@adclawfirm.com
Robert D. Anderson, Esquire (Bar No. 28799)
randerson@adclawfirm.com
204 Monroe Street, Suite 101
Rockville, Maryland 20850
(301) 251-0440
*Counsel for Defendants, Kaiser Foundation Health Plan, Inc., Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc., and "John Doe Kaiser Employee"*